(No. 3062—

WILLIAM HENRY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 20, 1938.*

THOMAS W. BORRELL, JR., for claimant.

OTTO KERNER, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

For some time prior to, and on the 13th day of July, A. D. 1936, claimant was in the employ of the respondent as a rodman in the Highway Department. On the last mentioned date, while in the performance of his duties at Elston and Washtenaw Avenues, in Chicago, claimant was struck by an automobile owned by the Bowman Dairy Co., and injured about the left ankle, hip and side, also about his back and the left

side of his head. He was removed to Belmont Hospital where he was given first aid, and then removed to his home. He returned to his work on July 27th, and was paid his regular salary during the time he was disabled as aforesaid. All medical and hospital bills were paid by respondent, with the exception of $12.00 which was paid by claimant.

Claimant's annual earnings during the year preceding the injury were $1,500.00, and his average weekly wage was $28.85. He had no child or children under the age of sixteen years at the time of the accident.

Notice of the accident was given, and claim for compensation was made within the time required by Section 24 of the Workmen's Compensation Act.

It appears from the evidence that prior to the accident in question claimant had an arthritic condition; that such condition was aggravated as the result of such accident; that claimant now has a permanent disability to his left foot; and that such disability is the result of the accident he sustained on July 10th, 1936 as aforesaid.

The only question in dispute is the extent of such disability.

The only medical testimony in the record is that of Dr. Andrew H. Frankel and Dr. H. B. Thomas. Dr. Frankel testified for the claimant and stated, without objection, that in his opinion claimant sustained the loss of 25% of the use of his left *ankle*. Dr. H. B. Thomas testified on behalf of the respondent, without objection, that in his opinion claimant sustained the loss of 10% of the use of his left *foot*.

The amount of compensation to which claimant is entitled is governed by Section 7, Paragraph (e) of the Compensation Act. Such section provides for compensation "for the loss of a foot, or the permanent and complete loss of its use, fifty per centum of the average weekly wage during 135 weeks"; also "for the loss of a leg, or the permanent and complete loss of its use, fifty percentum of the average weekly wage during 190 weeks".

Neither said Section 7 or any other section of the Act makes provision for compensation for the specific loss of use of the ankle.

Upon consideration of all of the evidence, we find that claimant has sustained the loss of ten per cent (10%) of the use of his left foot.

We therefore find as follows:

1. That claimant is entitled to have and receive from the respondent the following sums, to wit:

Fourteen Dollars and Forty-two Cents ($14.42) for one week's temporary total disability, that being the period for which such compensation is payable under Section 8, paragraph (b) of the Compensation Act.

2. One Hundred Ninety-four Dollars and Sixty-seven Cents ($194.67) for the loss of ten per cent (10%) of the use of his left foot as provided by Section 7, Paragraph (e), sub-paragraphs 14 and 17 of such Act.

3. Twelve Dollars ($12.00) for medical services paid for by claimant;—making a total of Two Hundred Twenty-one Dollars and Nine Cents ($221.09).

We further find that all of such compensation has accrued at this date; that claimant was paid his regular salary amounting to Fifty-seven Dollars and Seventy Cents ($57.50) during the time he was disabled; that the amount so paid must be deducted from the compensation to which he is entitled as above set forth.

Award is therefore entered in favor of the claimant for the sum of One Hundred Sixty-three Dollars and Thirty-nine Cents ($163.39).

This award being subject to the provisions of an Act entitled "An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof," approved July 3d, 1937 (Session Laws 1937, p. 83) and being by the terms of such Act, subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriation from the Road Fund, in the manner provided in such Act.